## JEAN BENAGAM *v.* STANISLAS PLASSAN.

Where excessive damages are awarded by a jury for an injury received, they will be reduced by this court.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*C. Dufour*, for plaintiff. *Hunt & Denègre*, for defendant and appellant.

MERRICK, C. J. This suit is brought to recover of the defendant, as owner of the brig *Allen A. Chapman*, damages for injuries to the person of the plaintiff, by the improper discharge of a cannon on board of said vessel.

The injury consisted in wounds occasioned by the wadding with which the piece was loaded. The gun was discharged within about twenty feet of the wharf, and wounded the plaintiff in the face and arm, and put out one eye. He was confined in the hospital for two months or more, and was compelled from the nature of the wound to lie in an uncomfortable position. The bone was fractured in the arm, and the wound had not healed at the time of the trial. One of the physicians says the arm will still be very serviceable; the others say that plaintiff will never be able to use the arm, except for some trifling motions.

The wadding used for loading the cannon was made of some tarred rope with knots in it.

It seems that the defendant was the owner of the brig. but not of the cannon. The captain bought the gun on his own account, and placed it on board the vessel. It is not *positively* shown, that the defendant was aware of the fact that the small cannon had been put on board, although it is made quite probable from the fact that he resided in this city, and the brig was employed between this city and Havana, in the Island of Cuba, and the captain was in the habit of firing a salute on departing or arriving.

Moreover, the owner was occasionally on board his vessel, while in port, and the gun, an iron four-pound gun, was in its place, and not secreted.

It is contended on behalf of the defendant, that the gun was fired at an improper time, by the willful act of some of the sailors, without the customary order of the person in command of the brig. The captain was standing on the wharf with the defendant at the time of the accident, and a small towboat was just leaving the wharf with the brig, to take the same to Government Point, where it was to be taken in tow for the mouth of the river.

The mate of the boat was examined as a witness. From his testimony it appears that he was in charge of the brig, but did not give any order to fire. One witness, however, states that some gentleman gave the order to fire. On arriving in Havana, one of the crew deserted, it was said, on account of having discharged the cannon.

The case was tried by a jury, who found for the plaintiff $5000.

The defendant did not except to the Judge's charge, but complains that the jury erred upon the facts of the case.

There is some conflict in the testimony, and the jury, who had the witnesses before them, had better means of judging of the effect to be given to the same than we have.

The defendant complains that the damages are excessive. Under the special circumstances of the case, this court is of the opinion, that they ought not to exceed $3000.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and it is now here ordered, adjudged and decreed by the court, that the plaintiff do recover and have judgment against the defendant for the sum of three thousand dollars, and that the plaintiff pay the costs of appeal, and the defendant those of the lower court.